BARNETT ORRICK, Appellant, v. ST. LOUIS PUBLIC SCHOOLS, Respondents.

*Forcible Entry and Detainer.*—The action of forcible entry and detainer must be brought against the party in actual possession of the premises at the time of suit brought. (R. C. 1855, p. 1787.)

*Appeal from St. Louis Land Court.*

Plaintiff brought his action for forcible entry and detainer against the defendants, before a justice of the peace, from whence the case was removed by *certiorari* to the St. Louis Land Court.

The plaintiff claimed that he was in the actual possession of part of lot eighteen, in Robt. N. Moore's addition to the city of St. Louis, having a front of twenty feet on the south side of West Mound street, by seventy-six feet in depth, and that the defendants had forcibly ousted him from his possession of said premises, and forcibly detained the possession.

It appeared on the trial that the defendants had recovered judgment in ejectment against one Elizabeth Holis, for a lot on the south side of West Mound street, of forty-five feet front by seventy-six deep, in school survey No. 379, and that, under an execution upon said judgment, to which plaintiff was in no way a party, the defendants had forcibly ejected the plaintiff from the possession of the premises; and had, before the commencement of this action, leased the same to one Hollingsworth and put him in possession.

*W. T. Wood*, for appellant.

The brief of this gentleman related to points not touched upon by the court.

*Casselberry*, for respondents.

I. Hollingsworth, and not the defendants, was the party in possession at the commencement of this suit, and the action should have been against him, and not against the defendants. As the Schools were not in possession, they did not forcibly detain the premises.

DRYDEN, Judge, delivered the opinion of the court.

The party in the actual possession of the premises detained at the time of the institution of an action of forcible entry and detainer is the one liable to the action. In this case, it is manifest the plaintiff was forcibly and wrongfully ousted of his possession by the defendants; yet the evidence shows that before the suit was brought the defendants leased and delivered the exclusive possession of the premises in controversy to one Hollingsworth, who, at the institution of the suit, still held such possession; and he, therefore, and not the defendants, should have been sued. (R. C. 1855, p. 787.) Inasmuch, then, as the judgment is obliged to be for the defendants, it is unnecessary for us to give any opinion as to the errors complained of by the plaintiff.

The other judges concurring, the judgment of the Land Court is affirmed.