WILLIAM H. BELL, Respondent, v. JOHN E. COWAN, Appellant.

34  251
82a 545

34  251
91a 396

*Forcible Entry and Detainer.*—To authorize a recovery in the action for forcible entry and detainer, it must appear in evidence that the plaintiff has been ousted from his possession of the premises claimed, and that the defendant is himself in actual possession. The question of title cannot be enquired into.

*Forcible Entry and Detainer.*—The entry upon a tract of land, and cutting timber thereupon, does not of itself constitute such a possession as to authorize an action of forcible entry and detainer.

*Appeal from Jefferson Circuit Court.*

*E. D. Colman,* for respondent.

*Davis & Evans,* with *Beal,* for appellant.

I. Forcible entry upon and trespassing by cutting and moving timber from land, will not support an action of forcible entry and detainer under the statute of this State. (Rowse v. Dean, 9 Mo. 298 ; Warren v. Ritter, 11 Mo. 354 ; Tipton v. Swayne, 4 Mo. 98.) The remedy for the act committed by Cowan, supposing the right and title to the land to have been in Bell, was trespass *quare clausum fregit.*

II. The 1st and 2d instructions prayed for by Cowan ought to have been given by the court to the jury. The law was rightly propounded. The court was requested to say to the jury, that something more than cutting and removing timber was required to maintain the action of forcible entry and detainer. (Rowse v. Dean, 9 Mo. 298 ; Warren v. Ritter, 11 Mo. 354 ; Tipton v. Swayne, 4 Mo. 98.)

The 3d, 4th and 5th instructions asked by the defendant stated the law correctly. The title to the land was not in issue, and so the court should have instructed the jury. (Beeler v. Cardwell, 33 Mo. 84 ; Beeler v. Cardwell, 29 Mo. 70.) The plaintiff in an action of forcible entry and detainer cannot recover unless he had possession at the time the entry was made. There was evidence in the cause tending to prove the possession in one Glaze, under a lease from Bell. If Glaze had the possession, the 5th instruction ought to have been given. (§ 2 & 3, R. C. 787 ; Michau v. Walsh, Adm'r of Wilcox, 6 Mo. 346 ; Blunt & Baker v. Winwright, 7 Mo. 50.)

BAY, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer brought before a justice of the peace of the county of Jefferson. The defendant was found guilty, whereupon he appealed to the Circuit Court, and being again found guilty, he appeals to this court. The bill of exceptions shows that several in-

structions were given at the instance of the plaintiff, but they are not copied in the record, as they are supposed to have been lost or mislaid by the jury.

The following instructions were asked by the defendant and refused :

1. The court charges you, as a matter of law, that unless the complainant has proved, to your satisfaction, that the defendant entered into the possession of the land described in the complaint, and detained the same as stated in the complaint, he cannot recover in this action.

2. If you believe from the evidence, that the defendant entered the premises, as alleged by the complainant, and cut and carried away wood therefrom, but did not detain the possession thereof, your verdict must be for him, the defendant.

3. The right to the possession is not before the jury, nor will the jury take into consideration the title, or whether Bell or Cowan has title to the land in controversy. The jury cannot take into consideration, in any respect, the title to the land.

4. That if John Cowan after he cut wood on the land, moved it off and did not occupy the land at the time this suit was commenced, the plaintiff cannot recover.

5. If the jury find that plaintiff had leased the premises in controversy to Glaze, and the said Glaze at the time of supposed entry and detainer by Cowan was the tenant of plaintiff under a lease of the premises, then the right of action accrued to the tenant and not to the landlord.

It is difficult to conjecture upon what ground these instructions were refused, for they not only embody the law applicable to this form of action, but were eminently proper in view of the facts disclosed upon the trial.

The chief object of the "Act concerning forcible entries and detainer," is to give a party, who, while in peaceable possession of land, has been evicted by force, a summary remedy by which he may regain possession. The law dis-

17—VOL. XXXIV.

courages all attempts, even by the rightful owner, to obtain possession by mere force, and requires him to resort to the remedy which the law provides ; hence the first section of the act declares that " no person shall enter upon or into any lands, tenements, or other possessions, and detain and hold the same, but when entry is given by law, and then only in a peaceable manner." To maintain the action, it is not incumbent upon the complainant to adduce evidence of title, for the 26th section expressly provides that the merits of the title shall in nowise be inquired into, yet an instruction declaratory of this statutory provision is refused by the court.

The first instruction asks the court to declare as the law of the case, that unless it is proved to the satisfaction of the jury, that the defendant entered into the possession of the lands described in the complaint, and detained the same as stated in the complaint, the plaintiff could not recover in this action. The refusal to give this instruction was virtually declaring that no proof whatever was necessary to maintain the action.

The principle enumerated in the fourth instruction was maintained by this court in Rouse v. Dean, 9 Mo. 301, wherein it was held that a mere entry upon land and cutting timber is not of itself sufficient to sustain an action of forcible entry and detainer. In Orrick v. The Public Schools, 32 Mo. 315, we held that it was necessary to show that the defendant was in the actual possession of the premises at the time of the institution of the suit.

It is evident that in refusing the instructions asked by defendant, the court below misconceived the nature and purpose of this form of action.

The other judges concurring, the judgment will be reversed and the cause remanded.