ARMSTRONG, *Plaintiff in Error*, v. HENDRICK.

**Forcible Entry and Detainer :** EVIDENCE.  In order to maintain an action of forcible entry and detainer, proof must be made that the defendant was in possession of the premises at the time of the bringing of the suit.

*Error to Pike Circuit Court.*—HON. GILCHRIST PORTER, Judge.

*Biggs & Smith* for plaintiff in error.

*Elijah Robinson* for defendant in error.

NORTON, J.—This was an action of forcible entry and detainer commenced before a justice of the peace, before whom a trial was had, resulting in a judgment for plaintiff, from which defendants appealed to the circuit court, where, upon a trial *de novo*, judgment was rendered for defendants, from which plaintiff brings the case here by writ of error.   The evidence on the part of the plaintiff tended to show that the land in controversy had, for a number of years prior to the 27th of January, 1871, been in the possession of one Johnson Hendrick, but that he claimed no title thereto ; that plaintiff, who was a non-resident of the State and who had never been in possession of said land, claimed title to it, and on the 27th of January, 1871, leased the same by written lease to one Shepherd for the period of three years; that under said lease Shepherd took possession of the land (the said Johnson

Hendrick making no objection) and occupied it for about one year, when he abandoned it without giving any notice to plaintiff, who resided in Maryland, of his abandonment. Defendant offered no evidence, but demurred to that of plaintiff and asked the court to instruct the jury that upon the evidence introduced the plaintiff could not recover. This instruction was given over the objection of plaintiff and is the error complained of.

In actions of this character, before a recovery can be had, it must be shown that defendants were in the occupancy or possession of the premises at the time of bringing the action; and that plaintiff was in the actual, as contradistinguished from the constructive, possession of the premises at the time defendants entered. The failure to show either one of these things is fatal to a recovery. We have carefully examined the record before us, and there is not a particle of evidence tending to show that defendants were in possession of the premises, either at the time the suit was brought or at any other time. If there was such evidence, it is not preserved in the bill of exceptions, and by it we are alone governed in the determination of questions growing out of the evidence. For the lack of evidence, on this material point, in the case, the court was fully justified in sustaining defendants' demurrer to the evidence. *DeGraw v. Prior*, 53 Mo. 316; *Orrick v. St. Louis Pub. Schools*, 32 Mo. 315. In this view of the case it is wholly unnecessary to consider the other question presented by counsel as to there being no evidence showing actual possession of the land on the part of plaintiff. Judgment affirmed, with the concurrence of the other judges.

AFFIRMED.