HENRY LINK, Appellant, v. HENRY F. HARRINGTON, Respondent.

**St. Louis Court of Appeals, November 23, 1888.**

1. FORCIBLE ENTRY—NON-LIABILITY OF SHERIFF.—An executive officer of the court is not liable in an action of forcible entry for acts committed by him while in the honest discharge of his legal duties.

2. ——— BURDEN OF PROOF—ESSENTIAL EVIDENCE.—The plaintiff, in an action of forcible entry and detainer, must show that the defendant was in possession of the property at the date of the institution of the suit.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

Broadhead & Haeussler, for the appellant: The sheriff, under his attachment against Alexe, had no right to enter the plaintiff's premises and take possession of the plaintiff's goods, or exclude the plaintiff from the possession of the premises in question. Smith on Sheriffs, 257; *Perry v. Carter*, 42 Vt. 50; *Davis v. Stone*, 120 Mass. 228; *Williams v. Powell*, 101 Mass. 467.

E. T. Farish and Lee Sale, for the respondent: The sole purpose of the "act concerning forcible entry and detainer is the protection of the citizen against forcible invasion of private property *by an individual acting altogether without authority of law.*" *Drehman v. Slifel*, 41 Mo. 205. Failure to show that the defendant was in possession at the time of suit brought is fatal to a recovery. *Armstrong v. Hendrick*, 67 Mo. 542; *Orrick v. St. Louis Public Schools*, 32 Mo. 315.

Rombauer, J., delivered the opinion of the court.

This is an action of forcible entry and detainer. The defendant is the sheriff of the city of St. Louis, and is sought to be held liable for entering the plaintiff's premises against the plaintiff's consent, in levying a writ of attachment on certain goods therein, belonging to a third party, and assuming exclusive control of the premises for a period of twenty hours or more, without the consent of the occupant, express or implied.

The action was instituted by the occupant of the premises, who upon the trial gave evidence tending to substantiate the facts as above set forth. The sheriff demurred to the evidence, and the court sustained the demurrer, and entered judgment for the defendant, hence this appeal.

We are informed by counsel for the appellant that this suit was designed to test the extent of the right of executive officers to take possession of premises, which are not in the actual occupancy of the attachment

debtor; in levying a writ upon goods within such premises, and to hold such premises against the will of the occupant. If so the form of the action was very inaptly chosen.

The purpose of the act concerning forcible entry and detainer, is the protection of the citizen against the forcible invasion of private property, by persons acting without authority of law. This was intimated in *Drehman v. Stifel* (41 Mo. 205) and we are aware of no ruling to the contrary in, or out of this state. The sheriff is bound to levy a writ of attachment upon the goods of the debtor in the attachment wherever they may be found, and in doing so is not liable even in trespass to the person upon whose premises such goods may be. If he uses unnecessary force in entering premises, or, having entered them, continues to occupy them for a longer time than is reasonably necessary for the removal of the goods levied upon, and does so without the consent of the occupant, express or implied, he becomes liable in an action of trespass. *Davis v. Stone*, 120 Mass. 228. But while he acts in the honest performance of a legal duty he can never subject himself to the highly penal action of forcible entry.

The court might have properly non-suited the plaintiff on that ground alone, although the plaintiff's failure to prove that the sheriff still occupied the premises when this action was brought, was a defect of proof equally fatal to the plaintiff's recovery. *Armstrong v. Hendrick*, 67 Mo. 542.

All the judges concurring the judgment is affirmed.