: 62   669|
82   546|

WILLIAM J. ALT, Appellant, v. JOSEPH V. HOBBS, Respondent.

St. Louis Court of Appeals, May 21, 1895.

Landlord and Tenant: ACTION FOR POSSESSION: BURDEN OF PROOF. *Held*, BOND, J., *dissenting*, that in an action by a lessor against his lessee for the recovery of demised premises, parts of which are in possession of subtenants of the lessee, the burden of proof is on the lessee to show what parts are thus held by his subtenants; and, in the absence of such proof, the lessor may, as against the lessee, recover judgment for the entire premises.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

REVERSED AND REMANDED.

*R. L. Wilson* and *B. F. Davis* for appellant.

*Robt. G. Ranney Wm. H. Miller* and *F. E. Burrough* for respondent.

BOND, J.—On the seventh of February, 1891, plaintiff leased to defendant six hundred acres of timbered land for a period ending December 31, 1897, defendant stipulating in said lease to inclose the land therein demised, to clear one hundred acres per year, or, in case of unavoidable prevention, to clear enough in the following year to make up the deficiency of the year before, to erect certain houses, and not to sublet without the written permission of the lessor. It was alleged in the petition that defendant had committed such breaches of the foregoing stipulations as to work a forfeiture of his lease; that a demand for the leased premises had been made and that a surrender was refused, wherefore judgment was prayed for possession,

damages, and annual rents and profits. The answer admitted the lease, denied any breach of its provisions by defendant, set up failure of plaintiff to put and maintain defendant in peaceable possession, thereby causing him damages. It further averred interference by plaintiff with the defendant and his men when they were getting out timber for the building of the house mentioned in the lease, and prayed damages.

On the trial, the entire evidence showed that Tailor, Prosser, Similar and the defendant, each with a family of his own, lived on different parts of the land, two of said parties as the tenants of defendant, and the third claiming under plaintiff, the extent and location of the possession of neither being shown by the evidence. The testimony was conflicting as to the number of acres which had been cleared, and as to the effect of the interference by plaintiff with the men of defendant. The trial court gave an instruction fo find for defendant. From a verdict and judgment in accordance therewith, plaintiff appealed to this court.

It is insisted by defendant that this ruling was the only one which could have been made under the admissions contained in plaintiff's petition and the entire evidence, since it appeared from both of these sources that defendant had sublet a portion of the premises to other persons, and there was nothing to show what portions he had reserved, nor what portions he had thus demised. The averment of the petition on this point is, that defendant "has, without the written consent of plaintiff first had and obtained thereto, sublet parts of said premises." The plaintiff's evidence established the truth of this statement in his petition, and pointed out the names of the sublessees. The entire evidence offered no data from which the dimensions of the portion of the premises thus sublet, or that reserved by defendant, could be ascertained. Upon this state

of facts the ruling of the trial court was correct. Plaintiff could neither recover the portion of the premises sublet to the several occupants, nor eject them therefrom, except upon a separate suit against each of them for the particular portion of the premises in their respective possession. *Orrick v. Public Schools*, 32 Mo. 315; *Armstrong v. Hendricks*, 67 Mo. 542; *Link v. Harrington*, 23 Mo. App. 429; R. S. 1889, sec. 5109; *Hugh v. Israel*, 73 Mo. 538. It being clear for this reason that plaintiff could not recover possession of all the premises sued for in this action, and the evidence wholly failing to show what *determinate* portion of the land was reserved by defendant, no judgment susceptible of execution could have been rendered against him. All that could be recovered of defendant in this action was the particular part of the land in his possession at the time of its institution. As there was no evidence tending to show what this was, the peremptory instruction given by the trial judge to bring in a verdict in his favor was, in my own opinion, correct. My associates do not concur in the foregoing, but, on the point under discussion, express their opinion, to wit:

This position, however, is not tenable. True it is that, in an action of unlawful detainer, the party in possession of the land at the date of the institution of the suit is the only proper party defendant. *Orrick v. Public Schools*, 32 Mo. 315; *Armstrong v. Hendrick*, 67 Mo. 542. Where, however, the tenant to whom premises are let claims that, at the date of the institution of the suit, he was in possession of part only, other parts being in the exclusive possession of other parties, it is for him to show this by way of defense. He was placed in possession of the entire tract by his landlord, and it is his duty to surrender the entire tract at the termination of the lease, or show a valid reason for his failure to do so. It is for him to show what part of the prem-

ises he can not surrender. Having failed to do so in the present action, a judgment against him for possession of the whole tract would have been warranted. The effect of such judgment upon other occupiers is, for the purposes of this action, an immaterial inquiry. According to these conclusions the court erred in directing a verdict for defendant, wherefore the judgment will be reversed and the cause remanded.