CHARLES J. KELLEY *vs.* GEORGE H. SCHUYLER.

SAME. *vs.* JOSEPH DONNELLEY.

PROVIDENCE—MARCH 24, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

An officer who breaks and enters a dwelling-house for the purpose of serving civil process therein, excepting, perhaps, cases of attempted fraud or covin of the owner or occupant. is a trespasser.

The law will not permit the sanctity of one's dwelling-house, which from very ancient times has been regarded as his castle, to be violated in this manner.

The means of obtaining possession of personal property must be in subordination to the common law rights of the defendant.

An act cannot be lawful which may be lawfully resisted.

*Quære*, whether there is sufficient reason for a distinction between an ordinary case of replevin and a case where goods and chattels sought to be obtained have been distrained or are fraudulently concealed by the defendant in his house.

TRESPASS *quare clausum fregit* on facts stated in the opinion. Heard on defendants' petition for a new trial.

TILLINGHAST, J. These are actions of trespass *quare clausum fregit*, for breaking and entering the plaintiff's dwelling-house and taking and carrying away certain articles of personal property of the plaintiff therefrom. The facts are substantially these : One Josephine Donnelley died at the plaintiff's house, leaving there certain articles of personal property. One Thomas O'Brien was appointed administrator on the estate of said Josephine, and he afterwards sued out of the District Court of the Tenth Judicial District a writ of replevin against the plaintiff in the present suits, to obtain possession of said personal property, the plaintiff having re-

fused to deliver the same. The defendant George H. Schuyler, who was a constable, went to plaintiff's house to serve said writ, but was refused admittance. After obtaining advice from his attorney he went again, on the 12th day of February, 1897, and being again refused admittance, he, with the assistance of the defendant Donnelley, broke and entered the house by prying open the outside door, which was locked. They also forced an inner door, which was fastened, and then proceeded to take and carry away, by virtue of the authority contained in the writ of replevin, certain goods and chattels which the defendant Donnelley pointed out to the officer as the property of said O'Brien, administrator. The evidence is conflicting as to whether the defendants took and carried away certain other goods and chattels belonging to the defendant in addition to those described in the writ. The replevin suit was pending in said District Court at the time of the trial of these cases, and, so far as appears, has not yet been tried, so that there has been no judicial determination as to the ownership of the goods and chattels replevied. At the trial of the cases in the Common Pleas Division the plaintiff recovered a verdict in each for the sum of $100; and the defendants respectively have petitioned for a new trial on several grounds, two only of which are now relied on, viz., (1) that the court erred in admitting evidence as to the value of the goods taken, and (2) that it refused to charge the jury that the officer charged with the service of said writ of replevin was justified in breaking and entering the plaintiff's house after a demand and refusal of admittance, for the purpose of making service of said writ; and that said writ was a full and complete protection to the defendant. The court, on the contrary, charged the jury, in substance, that the officer had no right to break and enter the plaintiff's house for the purpose of serving said writ, and that both he and the defendant Donnelley committed a trespass in so doing. The defendants duly excepted to the rulings. The only question before us, therefore, is as to the correctness of said rulings.

We think the first ruling complained of was correct. The evidence offered as to the value of the articles taken away by

28

the defendants, as we understand it, was finally limited to those articles which the plaintiff claimed belonged to him or his family, and which were not included in the replevin writ. As to such articles, of course the plaintiff had the right to prove their value.

We think the second ruling also was correct. For, while there seems to be some slight conflict in the authorities as to whether an officer who has broken into a dwelling-house and made an attachment, or taken property found therein in pursuance of his precept, may not lawfully hold the same (although the decided weight of authority is to the contrary—see the leading case of *Ilsley* v. *Nichols*, 12 Pick. 270 ; *People* v. *Hubbard*, 24 Wend. 369 ; *State* v. *Hooker*, 17 Vt. 670–3 ; 2 Freeman on Ex. 2 Ed. § 255, and cases cited), yet it is almost universally conceded that the officer who breaks and enters a dwelling-house for the purpose of serving any civil process therein, except perhaps as hereinafter mentioned, is a trespasser ; this position being based on the ground that the law will not permit the sanctity of one's dwelling-house, which from very ancient times has been regarded as his castle, to be violated in this way. In short, the law provides, and wisely too, we think, that the means of obtaining possession of personal property in civil process must be in subordination to the common law rights of the defendant. "Public policy," says Campbell, J., in *Bailey* v. *Wright*, 39 Mich. 96, "requires above all things that courts and officers executing their process shall respect the lawful rights of all persons. The practical permission which over-zealous officers would receive to commit wrongs with substantial impunity, if their levies should be held good without regard to the manner of their enforcement, would remove every check on lawlessness. To hold that an act is lawful which may be lawfully resisted is absurd. Such misconduct should neither be justified nor winked at."

Blackstone says, a sheriff may not break open any outer doors to execute either a *fieri facias* or a *capias ad satisfaciendum ;* but he must enter peaceably, and may then, after a request and refusal, break open any inner doors belonging to

the defendant, in order to take the goods.  3 Bl. Com. 417. And in *Snydacker* v. *Brosse*, 51 Ill. 357, the court says, "it is believed that what is said by Blackstone regarding said writs, is true of all civil process."

Cases to the same general effect are numerous ; but in view of the fact that in *Clark* v. *Wilson*, 14 R. I. 11, this court held the same doctrine, it is unnecessary to cite them.  In this case, Durfee, C. J., said : "It is perfectly well settled that an officer ordinarily has no authority to break an outer door or window of a dwelling-house in order to enter it for the purpose of executing a civil writ or process."

But the defendants' contention, as we understand it, is that in serving a writ of replevin, at any rate, the officer has the right, after demanding admittance and being refused, to break into a dwelling-house in order to execute his precept. Some authority for this distinction is to be found in a few of the cases cited by defendants' counsel, but it is too vague and unsatisfactory to be controlling.  Thus in *Keith* v. *Johnson*, 25 Am. Dec. 167 (1 Dana, 604), cited by defendants, it was held that the sheriff, having an execution under the statute of that State passed in 1828, had the right to make a forcible entry into the defendant's house to levy it on a slave for which it had issued on a judgment *in detinet*.  An examination of the case, however, shows that while the court was of the opinion that such a right existed at common law, yet that the decision was based upon the statute.  We do not, therefore, consider the case of much value as an authority for the defendant.

*Kneas* v. *Fitler*, 2 Serg. & Raw. 263, while it was an action of replevin, is not only not an authority in support of the defendants' position, but rather to the contrary, as there it did not appear how the defendants got into the house, and the court said *it could not be presumed that they broke the outer door*.

The case of *Link* v. *Harrington*, 23 Mo. App. 429, is very blindly reported, and it is impossible to tell whether the officer entered a dwelling-house or not, but probably not, as no dwelling-house is mentioned ; and the natural inference is

that the premises referred to, which the officer entered for the purpose of levying a writ of attachment upon certain goods therein belonging to a third party, of which premises it is stated that he assumed exclusive control for twenty-four hours or more, consisted of some building other than a dwelling-house.

In Wells Rep. § 287, also cited by defendants, the author says : " Authorities in modern times upon this question are meagre, but it has been held that the sheriff had a right to enter the defendant's house to search for goods described in a writ of replevin ;" and in support of this statement he refers, amongst others, to *Semayne's Case,* 5 Coke, Fol. 91, p. 188, (see part 5 ; also Smith Lead. Cas. 213).   That case is not an authority in support of the proposition above enunciated, except to a limited extent, as will be presently shown, but is generally to the contrary and was cited by Durfee, C. J., in support of his opinion in *Clark* v. *Wilson, supra.*   It was held in *Semayne's Case* that in all cases where the *king* is party the sheriff may break the house either to arrest or do other execution of the king's process, if he cannot otherwise enter ; and also that *where the door is open* the sheriff may enter and do execution at the suit of a subject, and so also may the lord, and distrain for his rent service.   But it was also held that it was not lawful for the sheriff, on request made and denial, at the suit of a common person, to break the defendant's house, *scil,* to execute any process at the suit of a subject.   The limited extent to which the case is an authority for the proposition above stated by Mr. Wells is in circumstances like the following, viz. :   Where the goods of A. are brought and conveyed into the dwelling-house of B., with his knowledge and consent, to prevent a lawful execution or to escape the ordinary process of law, this amounts to fraud and covin on the part of B., and in such case the sheriff, after denial of admittance, on request made, may break the house.   "For the privilege of one's house," said the judges, "extends only to him and his family and to his own proper goods, *or to those which are lawfully and without fraud and covin there.*"   See cases cited on page 228

(183) of Smith Lead. Cas., in a note to *Semayne's Case.* To
the same effect are *Burdett* v. *Abbott,* 14 East. 157, and *De
Graffenreid* v. *Mitchell,* 15 Am. Dec. 648.

The statute of Westminster 1, c. 17, cited by defendants,
even conceding it to be in force in this State, is but an affirm-
ance of the common law doctrine above enunciated.   It de-
clares in effect that the sheriff may break a house or castle to
make replevin, *when the goods of another which he has dis-
trained are by him conveyed to his house or castle to prevent
the owner to have a replevin of his goods,* provided the
sheriff first make demand for the goods.   See also 8 Bac.
Abr. 547, § 7.

The other cases cited by Mr. Wells in support of the text,
viz., *State* v. *Smith,* 1 N. H. 346, and the cases referred
to in a note to *McGee* v. *Givan,* 4 Blackf. 16, go no farther,
at the most, than to sustain the ruling made in *Semayne's
Case, supra,* and do not hold, generally, that an officer may
break into a dwelling-house to serve a writ of replevin.
*Boggs* v. *Vandyke,* 3 Harr. Del. 228, is a case where the
sheriff attempted to justify the breaking and entering the
plaintiff's house and taking his goods by showing that he did
so in connection with the service of an execution against the
plaintiff.   The court ruled that the officer had no right to
open an outer door and sustained the plaintiff's action of
trespass.   See also *Haggerty* v. *Wilber et al.,* 16 Johns. 287.
We have examined the other cases which are referred to in a
general way by the defendants, viz., those cited in 2 Am. &
Eng. Ency. L. 2 ed. 853, note 1, but do not find that they
are controlling, or that they furnish much support for the
defendants' claim in the case at bar.   Indeed, most of the
cases are directly to the contrary.   See, for instance, *Calbert*
v. *Stone,* 10 Mon. (B) 152, decided by the same court as
was *Keith* v. *Johnson, supra,* and nearly twenty years after-
wards ; and *State* v. *Hooker, supra,* and *People* v. *Hubbard,
supra.*

A somewhat careful investigation of the authorities inde-
pendently of those cited by counsel confirms us in the opinion
to which we have arrived.   Murfree on Sheriffs, § 268, lays

down the broad proposition that "an officer cannot break the outer doors of a house to execute a *fi. fa. or any other civil process*, against the owner, and if he does so he becomes a trespasser." Hitchcock on New England Sheriffs and Constables takes the same view and cites with approval the Rhode Island case of *Clark* v. *Wilson*, *supra*. See also Drake Att. § 200 ; Cobbey on Replevin, § 647.

In *Prettyman* v. *Dean*, 2 Barr. (Del.) which was an ordinary case of replevin, Clayton, C. J., in delivering the opinion of the court, said : "The sheriff has a right to enter a house peaceably, *where he finds the house open*, for the purpose of executing a replevin. Being in he has the right to execute his writ. If property be concealed he has the right to break open inner doors, and generally to use such force as is *necessary* to enable him to obey the command of his writ."

The late case of *State* v. *McPherson*, 132 Ind. 371, is clearly in point. There the officer was sued on his official bond, and the question which arose was whether he had the right to forcibly enter the dwelling-house of the relator to serve a writ of replevin. The court decided that the writ was but a civil process and did not authorize him to force the outer door of a dwelling-house.

Whether there is any sufficient reason on principle for making the distinction referred to in the books, between an ordinary case of replevin and a case where the goods and chattels sought to be obtained have been distrained or are fraudulently concealed by the defendant in his house, may be open to doubt. See 2 Freeman on Ex. 2 ed. § 256, p. 817. But conceding that in such circumstances an officer would be warranted in breaking into a dwelling-house to make service of such a writ, or of a writ of *fi. fa.* against a stranger whose goods are wrongfully withheld from the officer in the house, yet, as the cases at bar do not fall within either of those classes, the fact that the law may be as intimated by Mr. Freeman, and also in *Douglas* v. *The State*, 14 Yergee, 529 ; 8 Bac. Abr. 547 ; *Burton* v. *Wilkinson*, 18 Vt. 189 ; and other cases hereinbefore cited, cannot control our decision. The case out of which the present suits arise was a simple and

ordinary case of replevin.  And we are very clearly of the opinion that the defendants committed a trespass when they broke and entered the plaintiff's house to make service of said writ.

Petition for new trial denied, and cases remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Joseph Osfield, Jr.*, for plaintiff.

*Claude J. Farnsworth and Thomas W. Robinson*, for defendants.