ORLANDER JENNINGS, Respondent, v. SAMUEL G. ROBINSON, Appellant.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Forcible Entry and Detainer:** PARTY IN POSSESSION: TENANT. Forcible entry and detainer will not lie against the landlord when his tenant is in possession at the institution of the suit.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED.

*Cook & Cossett* for appellant.

(1) Possession by the defendant, either in person or by servant, licensee or agent, at the time of commencement of the action is essential to the maintenance of this action. Orrick v. Schools, 32 Mo. 315; DeGraw v. Prior, 53 Mo. 313; Armstrong v. Hendrick, 67 Mo. 542. (2) Plaintiff having testified that Greene was in possession and had been so for months prior to the commencement of the action, can not recover in this action against defendant. Shirts v. Overjohn, 60 Mo. 305, 308; Foley v. Alkire, 52 Mo. 317; Moore v. Hutchinson, 69 Mo. 429.

*Joseph McCoy* and *L. H. Waters* for respondent.

(1) Plaintiff's possession was sufficient. He was in the peaceable possession. His acts indicated an intention to hold possession. Krevel v. Meyer, 24 Mo. 110; Miller v. Northup, 49 Mo. 397; Bank v. Clavin, 60 Mo. 559; School Dist. v. Holmes, 53 Mo. App. 487. (2) Whether the defendant was in possession of the scales tract at the commencement of

this suit was a question of fact for the jury. DeGraw v. Prior, 53 Mo. 313; Blumenthal v. Waugh, 33 Mo. 181.

GILL, J.—This is an action for unlawful detainer brought before a justice of the peace June 14, 1898. The case was removed into the circuit court by *certiorari*, where a trial was had, resulting in a judgment for plaintiff and defendant appealed.

There is but one point that need to be considered. By the evidence of both sides it appears, without dispute, that when the suit was commenced the defendant was not in possession of the premises in controversy. The law is well settled that unlawful detainer, being a possessory action, must be brought against the party in actual possession, and can not be maintained against one not in possession.

The subject-matter of controversy is a small triangular strip along side of a tract of land owned and occupied by defendant Robinson and at the village of Raytown, Jackson county. The plaintiff had owned and maintained a set of wagon scales on the strip which was next to and adjoining defendant's inclosure. In November, 1897, Robinson set out his fence so as to inclose the strip with the balance of his land. When so doing he gave notice to plaintiff to remove the scales, but plaintiff refused so to do. In February following, Robinson leased his entire premises, including the strip in controversy, to one Greene, who at once entered into possession, and at the time the suit was commenced said Greene was in the actual and exclusive possession.

After making written demand of Robinson for restitution, plaintiff began this suit on June 14, 1898.

On this state of facts—which, as already stated, is undisputed—it is clear that plaintiff has sued the wrong party and can not maintain the action against defendant Robinson. Orrick v. Schools, 32 Mo. 315; Bell v. Cowan, 34 Mo. 251;

DeGraw v. Prior, 53 Mo. 313; Armstrong v. Hendrick, 67 Mo. 542; Alt v. Hobbs, 62 Mo. App. 669. The Orrick case, above cited, is conclusive against the plaintiff in this action. It was there said: "The party in the actual possession of the premises detained at the time of the institution of an action of forcible entry and detainer is the one liable to the action." While admitting in that case that an ouster was shown, "yet," the court proceeds, "the evidence shows that before the suit was brought the defendants leased and delivered the exclusive possession of the premises in controversy to one Hollingsworth, who, at the institution of the suit, still held such possession; and he, therefore, and not the defendants, should have been sued."

The judgment of the circuit court must be reversed. All concur.