GEORGE R. KIMBLE, Respondent, v. MAUD R. McDERMOTT et al., Appellants.

Kansas City Court of Appeals, February 13, 1911.

LANDLORD AND TENANT: Trespass: Forcible Entry. Where a landlord enters the premises against the objection of the tenant, with the intention to cut and haul away some hay in which he had a share, and goes into the meadow on two or three succeeding days for that purpose and cuts and hauls the hay away, he commits a trespass but is not guilty of forcible entry and detainer.

Appeal from Bates Circuit Court.—*Hon. C. A. Denton,* Judge.

REVERSED.

*Thomas J. Smith* for appellant.

*J. S. Brierly, Charles W. Sloan* and *D. C. Chastain* for respondent.

ELLISON, J.—This is an action of forcible entry and detainer. It was brought in Cass county before a justice of the peace and was removed to the circuit court by certiorari. A change of venue was granted and the cause sent to Bates county, where it was tried and a judgment given for plaintiff.

It appears that the defendants, McDermotts, are husband and wife and defendant Keith is employed by them as a farm hand. That Mrs. McDermott is the owner of farm lands in Cass county which she leased in writing to plaintiff from March, 1909, till February, 1910. That twenty-three acres of the land was timo- thy and clover meadow, and it is that part of the premises which is in controversy. It was provided in the lease that plaintiff was "to cut the first crop of hay in proper season and properly care for same and shall deliver in alternate loads direct from the field the one-half of same by weight to said McDermott in barn on her premises as directed."

It appears that Mrs. McDermott (who lived near by), noticing that the meadow was not being cut at the time she thought it ought to be, gave plaintiff notice on the 20th of June that he should cut it. She notified him again on the 25th of that month. It seems that plaintiff had begun cutting the grass but was slow about it. In a day or two Mr. McDermott (acting for his wife) told the plaintiff that if he did not finish cutting at once he would go into the field and cut the hay himself. Then, on the first or second day of July, he and Keith as his employee went in the field and cut that part of the hay not cut by plaintiff. Plaintiff was in the field cutting at the same time and protested and objected to McDermott's cutting. They gathered up what each had cut and hauled it away. There was no interference with plaintiff or collision between the parties. Each of them proceeded about the work without any trouble save the objection made. McDermott cut Saturday and hauled away Monday, may not have taken it all until next day; and that was the extent of the acts which are claimed to constitute a forcible entry and detainer. This action was begun before McDermott got the hay off of the premises.

The statute (secs. 7655, 7656, R. S. 1909) provides that if any person shall forcibly enter upon the lands

of another "and detain and hold the same," he shall
be guilty of forcible entry and detainer. It is manifest
that there was no intention to take and detain the pos-
session of the premises. Whatever wrong defendants
may have committed was merely a trespass. [Rouse
v. Dean, 9 Mo. 301; Bell v. Cowan, 34 Mo. 251; Powell
v. Davis, 54 Mo. 315.]

The judgment is reversed. All concur.