# MARY PRENDERGAST, Respondent, v. CHARLES GRAVERMAN, Appellant.

**St. Louis Court of Appeals.** Argued and Submitted May 8, 1912. Opinion Filed June 4, 1912.

1. **APPELLATE PRACTICE: Abstract: Opinion of Trial Court.** The written opinion of the trial court, trying a case without a jury, cannot be noticed on appeal, when not set out in the abstract of the record.

2. **UNLAWFUL DETAINER: Right of Action: Parties: Landlord and Tenant.** Where an owner leases his premises, and the lessee, at the time of an entry and detainer by a third person, is in possession under the lease, the right of action for unlawful detainer accrues to him and not to the owner.

3. **APPELLATE PRACTICE: Conclusiveness of Finding.** A finding, on conflicting testimony of witnesses before the court, trying the case without the jury, is conclusive on appeal.

4. **UNLAWFUL DETAINER: Right of Action: Possession.** A plaintiff, to maintain unlawful detainer, under section 7657, Revised Statutes 1909, need not actually be on the land, or keep servants there, but any act done by him on the premises, indicating an intention to hold the possession thereof to himself, is sufficient to give him actual possession and to warrant the maintenance of the action by him.

5. ————: **Right of Action: Parties: Landlord and Tenant.** Where a lessee abandons the premises, the right of possession reverts to the owner, who must be considered in possession, although not personally present, so as to give him a right of action for unlawful detainer, under section 7657, Revised Statutes 1909, against a third person.

6. ————: **Issues: Evidence.** An action for unlawful detainer must be determined on the relative rights of possession between the parties, and the question of title is immaterial.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

AFFIRMED.

166 Mo. App.—3

*Wm. F. Broadhead* for appellant.

(1) To maintain this action, it was necessary for the complainant to prove that at the time of the alleged entry and disseizin by defendant, she was in the actual, visible, open, exclusive, peaceful and bona fide possession of the premises claimed, and this she has not done; the evidence does not even tend to show such possession. Armstrong v. Hendricks, 67 Mo. 542; Keen v. Schweigler, 70 Mo. App. 409; McCartney v. Alderson, 45 Mo. 35, 49 Mo. 450; DeGraw v. Prior, 60 Mo. 56; Dyer v. Reitz, 14 Mo. App. 45; Spalding v. Mayhall, 27 Mo. 379; Collier v. Green, 83 Mo. App. 166; Milem v. Freeman, 136 Mo. App. 106; Underwood v. Caruthersville, 146 Mo. App. 294; Anderson v. Railroad, 128 Mo. App. 382; Ford v. Fellows, 34 Mo. App. 630; School District v. Holmes, 53 Mo. App. 487; Buck v. Endicott, 103 Mo. App. 248. (2) If there was any evidence tending to show possession of said premises in anyone, other than the defendant's landlord, it was in John Brennan, complainant's tenant, whose term had not expired or been surrendered, and she cannot maintain this action for an invasion of the possession of her tenant. Reed v. Bell, 26 Mo. 218; Burns v. Patrick, 27 Mo. 434; Bell v. Cowan, 34 Mo. 251; McCartney v. Alderson, 45 Mo. 35, 49 Mo. 456; Hyde v. Fraher, 25 Mo. App. 414; Krevet v. Meyer, 24 Mo. 107; Collier v. Green, 83 Mo. App. 166; Holzhausen v. Hoskins, 115 Mo. App. 267; Adams v. Bonnefon, 124 Mo. App. 457. (3) The length of time defendant's landlord had claimed the disputed premises, was competent and material as a foundation for proof of acts of possession, pursuant to such claim, of which this defendant had a right to avail himself, in order to rebut complainant's case, and to show the good faith of his own, and of his landlord's claim, from whom it was derived; hence the court erred in sustaining complainant's objection to

Vogelsmeier, testifying as to how long he had claimed the premises, especially as such objection was made without stating any grounds therefor. Buck v. Endicott, 103 Mo. App. 248; Milem v. Freeman, 136 Mo. App. 106. (4) There was a lack of substantial evidence to support the finding of the lower court, and this court may reverse it for that reason. Milem v. Freeman, 136 Mo. App. 117; Buck v. Endicott, 103 Mo. App. 248.

*R. H. Stevens* for respondent.

(1) When a tenant leaves either at the end of his term or on surrender of lease, the landlord comes into possession, though not personally present. Frank v. Nichols, 6 Mo. App. 72. (2) Any overt act indicating dominion and a purpose to occupy, and not to abandon the premises, will satisfy the requirement. Willis v. Stevens, 24 Mo. App. 496. (3) In order to constitute such a possession as will sustain an action of forcible entry and detainer, it is not necessary that the party should stand on the land, to keep a servant or agents there; but any act done by himself on the premises, indicating an intention to hold the possession thereof to himself will be sufficient to give him the actual possession. Bartlett v. Draper, 23 Mo. 407. (4) Where a tenant leased at the end of his term or by surrender of his lease, the landlord comes into the sole possession and must be considered possessed of the premises although not personally present. May v. Luckett, 48 Mo. App. 472.

REYNOLDS, P. J.—This is an action for unlawful detainer of nine and a fraction acres of land in St. Louis county, the action brought under section 3321, Revised Statutes 1899, now section 7657, Revised Statutes 1909. The cause was tried before the court, a jury having been waived, and at the conclu-

sion of the testimony defendant asked four declarations of law. First, that for plaintiff to recover in this action, she must show that she was in the actual, peaceable, visible, open and exclusive possession of the land described in the complaint at the time of the alleged unlawful entry by defendant and that defendant then unlawfully entered upon and disseized her of the land. Second, that the possession necessary to be shown by plaintiff is a real, exclusive, visible, actual, *bona fide* possession and not a mere scrambling possession taken for the purpose of compelling the opposing party to institute a suit to determine the title or right to possession of the land in dispute and unless the court is satisfied from the evidence that plaintiff was in the real, exclusive, visible, actual and *bona fide* possession of the land at the time of the alleged unlawful entry complained of, then the finding and judgment must be in favor of defendant. Third, that if the court sitting as a jury found from the evidence that at the time of the alleged unlawful entry on the land described in the complaint, one John Brennan, as a tenant of plaintiff, was in possession of the land, she cannot recover. Before offering these declarations of law defendant asked for a declaration that under the pleadings and evidence plaintiff could not recover and the finding and judgment must be in favor of defendant. The court refused this, defendant duly saving exception. Plaintiff asked no declarations of law and none were given by the court of its own motion.

In the brief of counsel for appellant it is stated that the court filed a written opinion in the case from which counsel quotes. No such written opinion is in the abstract of the record and it is not before us in such shape that we can notice it. The court rendered judgment in favor of plaintiff and against defendant, and finding defendant guilty as charged in the complaint and assessing the damages at one cent and the

value of the monthly rents and profits at one cent, ordered restitution of possession and judgment for double damages and for costs. Filing a motion for new trial and excepting to that being overruled, defendant has duly perfected his appeal to this court.

At the trial of the cause each of the parties introduced plats of surveys that had been made by different surveyors and the witnesses in testifying frequently referred to these plats, but the reference to them is so much by pointing out places on them that it is very difficult to follow the testimony as to the different locations concerning which the witnesses were testifying. That, however, is not so material as we think we have been able to gather an intelligible idea of the general trend of the testimony. Two sons-in-law of plaintiff and her late husband, a Mr. Brennan and a Mr. Pearia, had been tenants of Mr. Prendergast during his lifetime and of his wife after his death, occupying and cultivating various portions of a large tract which plaintiff claimed, Brennan in possession of and cultivating the nine and a fraction acres involved in this action. The evidence tends to show that his tenancy terminated sometime in the year 1906, or that he had then abandoned possession, and that about the time alleged in that complaint, that is about March 1, 1907, he and Pearia going upon the land found defendant in possession of it. They told him that the land he was occupying was "our" land, evidently referring to it as belonging to the family, as neither of them claimed as tenants or as owners at that time. They started to fill out breaks in a wire that it appears had been around the land, or a part of it, with the intention of inclosing the whole or a part of the fractional nine-acre tract. Defendant told them that he was placed in possession of it by a Mr. Vogelsmeier and that Vogelsmeier claimed that that was his land, and he warned them not to attempt to disturb him or to put up the wire around the land. Not desiring trou-

ble, as one of these men testified, they abandoned their effort to stretch the wire around the tract and to put it up where it had been taken down. Defendant at the time was plowing the land.

It was in evidence that before the institution of the suit, plaintiff, on May 23, 1907, had caused notice to be served on defendant to deliver possession to her of the land described in the complaint within ten days from that day. Defendant paying no attention to the notice, this action was afterwards commenced, the statutory affidavit being made by Brennan as agent for plaintiff.

The point of controversy over the evidence is as to whether plaintiff herself was in possession of the land or whether Brennan at the time was the lessee and as such entitled to possession and consequently the party who should have brought this action.

The court distinctly declared as a matter of law by the third declaration given, that if he found from the evidence that plaintiff had leased the premises to Brennan and that Brennan at the time of the supposed entry and detainer by defendant was the tenant of plaintiff under a lease of the premises, then the right of action accrued to the tenant and not to the landlord. This is practically the instruction that was asked and refused in Bell v. Cowan, 34 Mo. 251, l. c. 253, and for refusal of which, along with other instructions asked, the judgment in that case was reversed. It is clear that as to this proposition the learned trial court stated the correct rule of law. Hence to find for plaintiff, as he did, he must have found as a fact that Brennan was not her tenant, but that the right of possession was in plaintiff. Necessarily learned counsel for appellant contends that after giving this correct declaration of law, the conclusion of the court on the facts there referred to should have been for defendant. It must be confessed that the evidence is very uncertain as to this particular point, which is the vital point in

the case, but as the witnesses were before the learned trial court and he heard all the testimony and had the plats of the surveys before him, we are bound by his finding on the facts.

At an early day it was laid down by our Supreme Court in Bartlett v. Draper, 23 Mo. 407, a case that in many of its features fits the case at bar, passing on an instruction asked by plaintiff in that case and given by the court (l. c. 409), that ''in order to constitute possession in plaintiff, it is not necessary that he should stand on the land, or keep servants or agents there; but any act done by himself on the premises indicating an intention to hold the possession thereof to himself, will be sufficient to give him the actual possession.'' Here Brennan and Pearia, evidently acting for plaintiff, warned defendant off of this land, attempted to exercise acts of dominion over it for plaintiff and were prevented by defendant.

When Brennan, as lessee of this tract in controversy, abandoned the premises, as there is evidence tending to show he did, the right of possession reverted at once to plaintiff. So it is held by our Supreme Court in May v. Luckett, 48 Mo. 472, l. c. 473. There it is said: ''When the tenant leaves, either at the end of the term or by surrender of the lease, the landlord comes into sole possession, and he must be considered as possessed of the premises, though not personally present. And it is not the constructive possession alone arising from title, for that is not sufficient to maintain this action, but a real possession arising from his relation of landlord, had when he put the tenant in, held through the tenant, and continued and become exclusive at the termination of the tenancy, and until he has time by his acts to indicate his intentions in regard to the possession.'' Following this Judge BLISS, who delivered the opinion of the court, quotes from Warren v. Ritter, 11 Mo. 354, l. c. 357, as follows: ''Can it be pretended that an owner

of land loses his actual possession, because after the expiration of a tenant's term, and perhaps before the owner can find another, some intruder enters and takes possession? Whether the intruder be a mere trespasser, or have good title, makes no difference.'' Judge BLISS follows this quotation by the statement (l. c. 474), that ''if the landlord when not present were held to be out of possession when the tenant has left, so that a stranger or adverse claimant could enter and hold until ejected by proof of title, the greatest frauds might be practiced and this beneficent statute be deprived of its chief efficacy.'' The declarations of law, given at the instance of defendant, appellant here, follow the line indicated by these authorities. As stated before when referring to another phase of the case, the conclusion of the trial court on the facts is binding on us, if supported by substantial testimony, if that conclusion is also founded on sound legal grounds. By giving the declarations asked by defendant it is clear that the court had the correct conception of the law as applicable to the facts. The trial court found that the right of possession was in plaintiff. There is substantial evidence to sustain that finding. We have no right in law to disturb it.

Complaint is made to the exclusion of evidence tending to show title in defendant. That evidence was properly excluded. As has been decided in cases without number, the matter of title is of no moment whatever in actions of unlawful detainer—the disturbance is to the possession, and the case must be determined on the relative rights of possession between the parties.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.