Blumenthal v. Waugh.

AUGUSTUS A. BLUMENTHAL, Respondent, *v.* JAMES WAUGH *et al.*, Appellants.

*Forcible Entry and Detainer.*—A party who participates in the forcible entry upon a lot in the peaceable possession of another is guilty at the same moment of the detainer, and if he continue to support and assist the party entering in remaining upon the lot he continues the detainer, and may be properly joined as a defendant in the action for the forcible entry and detainer.

*Appeal from St. Louis Land Court.*

*F. A. Dick,* for respondent.

The petition states that on 12th August, 1858, the plaintiff was lawfully possessed of a lot of land in Carondelet, being the south-west quarter of block 6 in Eiler's survey, fronting 160 feet 5 inches on east side of Main street, by a depth of 160 feet 5 inches; and that on that day the defendants forcibly and unlawfully entered into possession of the same, and unlawfully detain a part thereof, viz., 160 feet 5 inches on Main street, by a depth of 130 feet.

*M. L. Gray,* for appellants.

I. The first instruction given for plaintiff ought not to have been given.

Passing by the matters stated in the instruction as making Waugh guilty of forcible entry, the instruction is wrong in declaring that the detention by the other defendant, in which he was supported or assisted by Waugh, would make Waugh also guilty of the detainer. (8 Cow. 424; 1 Serg. & Rawle, 124.)

The entry and detainer are distinct offences, and the acts mentioned in the latter part of the instruction in no way constituted defendant Waugh guilty of the detainer.

The second instruction given for the plaintiff is subject to the same objections.

Sec. 2 of art. 1 of the forcible entry and detainer act, R. C. 1855, p. 787, does not make a person guilty of the offence

who causes any of the acts in said section mentioned to be done, but only the person who does the acts therein enumerated.

The first and second instructions of plaintiff seek to extend the guilt to defendant Waugh, not on the ground that he himself performed the acts that make the offence, but solely on the ground that he counselled and advised those doing the acts.

II. The first instruction asked by defendants and refused should have been given. (Orrick v. Public Schools, 32 Mo.)

BATES, Judge, delivered the opinion of the court.

This is an action begun before a justice of the peace for forcible entry and detainer.

It appears that plaintiff had possession of a lot in the city of Carondelet; that his fence upon the lot did not enclose quite the whole lot, but left out a portion through which a large gully ran, and that the defendant Waugh, with the defendant Donnelly and other men who seemed to be under the direction of Waugh, forcibly, and with actual display of firearms, took possession of the lot, and built another fence all around the lot outside of plaintiff's fence. The defendant Donnelly remained on the lot, on which a house was built, and Waugh frequently went to the place and appeared to control and direct the operations there.

The court instructed the jury as follows:

1. If the lot in controversy was forcibly entered upon, as alleged in the complaint, and the defendant Waugh was present aiding, directing or counselling in such forcible entry, such conduct would make him guilty of the forcible entry charged, and the subsequent detention of the premises by the other defendant to the institution of this suit, in which he was supported or assisted by the defendant Waugh, would render Waugh also guilty of the detainer.

2. In order to find the defendant Waugh also guilty of the detainer, if he participated in the forcible entry, it is not necessary that he should in person have remained upon the

premises. If he was instrumental in causing a building to be erected upon said premises, and by his own acts supported the other defendant in remaining upon the lot by coming there from time to time, he was equally guilty of forcible detainer.

3. If on or about the 12th August, 1858, the plaintiff was in peaceable possession of the premises in question, and at that time the defendants, with force or violence, entered upon plaintiff's possession and took and held said lot to the institution of this action, the plaintiff is entitled to recover.

The court refused to give instructions asked by the defendants, as follows:

1. If the jury believe from the evidence that plaintiff had no actual occupancy of or possession of any part of the premises sued for, as to such part the jury will find for the defendants.

2. Unless the jury believe from the evidence that on or about the 12th day of August, 1858, plaintiff was lawfully possessed of the premises described in the petition, and that defendants forcibly and unlawfully entered into the possession thereof, and forcibly and unlawfully detain them from the plaintiff, they will find for the defendants.

3. If defendants claiming title to the premises in question, peaceably and without threats, violence or breach of the peace, entered and took possession of the same, they are not guilty of a *forcible* and unlawful entry and detainer within the meaning of the statute.

Verdict and judgment were given for the plaintiff. The defendants object to the instructions given, because under the circumstances stated they make Waugh guilty of the *detainer*.

The court did not err in that respect. He being (as the instructions require should be the case) a participant in the forcible entry, he was at that moment also guilty of the detainer, and his continuing to support and assist the other defendant in remaining upon the lot was a continuation of the detainer. It was not necessary that he should be always actu-

ally present upon the lot in order to detain it from the plaintiff. The maintaining of such possession as would prevent the plaintiff from re-occupying it without being himself guilty of a forcible entry, was clearly a detainer.

As to the first instruction moved by the defendants and refused: The possession of *the lot* was the matter in controversy, and the evidence was very clear that the plaintiff had that actual possession. In order to have actual possession it was not requisite that this fence should include every inch of it. The substance of it was already given, for the instructions predicate the plaintiff's right to recover upon his peaceable possession; and if he did not prove his possession of the *lot* described in the complaint, he could not recover.

The substance of the second and third instructions asked by the defendants was included in the instructions given, and the court very properly refused to multiply instructions.

This case is of the class which the statute was particularly designed to cover. The verdict and judgment were evidently for the right party.

Judgment affirmed; Judges Bay and Dryden concur.