WILLIAM W. TUTTLE, Respondent, v. D. E. DAVIS, Appellant.

St. Louis Court of Appeals, February 2, 1892.

1. **Practice, Appellate:** OBJECTIONS TO RULINGS ON EVIDENCE. An assignment of error that the trial court committed error in the admission of evidence will be disregarded if the appellant fails to point out the evidence complained of in his statement or brief.

2. **Forcible Entry and Detainer:** SUFFICIENCY OF THE DEFENDANT'S POSSESSION. While the plaintiff in an action of forcible entry and detainer must show that the defendant was in the possession of the premises sued for, this fact may be established by proof, that the defendant took forcible possession while the premises were peaceably held by the plaintiff, and thereon placed a third person in possession, whom he maintains therein.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*F. S. Heffernan,* for appellant.

The defendant, D. E. Davis, was not in possession of the land in controversy at the commencement of this suit and plaintiff cannot recover. R. S. 1889, secs. 5087, 5088. The plaintiff cannot maintain this cause of action for the following reasons: To authorize a recovery in the action for forcible entry and detainer, it must appear in evidence that the plaintiff has been ousted from his possession of the premises claimed, and that the defendant is himself in actual possession. The question of title cannot be inquired into. *Bell v. Cowan,* 34 Mo. 251; *Orrick v. Public School,* 32 Mo. 315. A party may enter upon land and be a trespasser and injure the property and move fences and timber, and yet not be guilty of forcible entry and unlawful detainment.

*Rowell v. Davis*, 54 Mo. 315. The plaintiff in an action of forcible entry and detainer must show that the defendant was in possession of the property at the date of the institution of the suit. *Link v. Harrington*, 23 Mo. App. 429; *Armstrong v. Hendrick*, 67 Mo. 542. Evidence which shows a trespass merely, without occupation or detainer by the defendant, will not warrant a recovery in forcible entry and detainer. *Robers v. Lynch*, 15 Mo. App. 456. In order to maintain an action of forcible entry and detainer, proof must be made that the defendant was in possession of the premises at the time of the bringing of the suit. *Armstrong v. Hendrick*, 67 Mo. 542; *Link v. Harrington*, 23 Mo. App. 429.

*Goode & Cravens*, for respondent.

(1) The declarations of law given and refused by the court show that the theory on which the case was decided was that, if the defendant took the ground in controversy from plaintiff and his son, knowing that the ground had been so forcibly taken by his father, immediately thereafter entered on said strip, and his father, the defendant, agreed to support and maintain him in holding it and thereafter did support and maintain him in holding it, then the defendant was guilty of forcible entry and detainer. This is the correct conception of the case, and there was no error in the giving and refusing of declarations on that theory. They are identical with those passed upon by our supreme court in the case of *Blumenthal v. Waugh*, 33 Mo. 181. (2) The testimony of defendant and his son was to the effect, that the former was to give the latter the lot. He did not do this until he made the deed, which was eight or nine months after the suit was brought. The preceding verbal promise was of no effect, and, if the son occupied the lot and the controverted strip before the execution of the deed, it was merely as the licensee or agent of his

father. 1 Washburn on Real Prop. 594; *Burnett v. Caldwell*, 9 Wall. 293. Especially is this true when the defendant, as he swore, agreed to support, uphold and maintain his son on the strip. *DeGraw v. Prior*, 60 Mo. 158.

ROMBAUER, P. J.—This is an action of forcible entry and detainer. The plaintiff had judgment both before the justice and the circuit court. The defendant, appealing, assigns for error that there was no substantial evidence that the defendant was in possession of the property at the date of the institution of the suit, but that the uncontroverted evidence disclosed the fact that the defendant's son was in such possession; also, that the court erred in its declarations of law, and admitted incompetent evidence against the defendant.

The error assigned on the admission of evidence must be disregarded, as the defendant failed in his statement or brief to point out the evidence complained of, or the rulings to which he excepted.

The plaintiff gave evidence tending to show the following facts: He was in peaceable possession of a strip of land one hundred and seventy-one and one-half feet long, by eleven and eight-tenths feet wide on one end, and fourteen and one-half feet wide on the other, which was fenced as part of his lot. The defendant, who was an adjoining owner, entered upon that strip contrary to plaintiff's will, tore up the plaintiff's fence, and re-erected it on the boundary of the strip, so as to inclose said strip as part of his own lot. The defendant then sodded the strip, and obliterated the old post holes. The plaintiff also testified that, at the date of the institution of the suit, the defendant was in possession of this strip. The plaintiff also proved by several witnesses that the defendant threatened to move the fence repeatedly, before he did so.

The defendant himself testified that he had the fence moved, and took possession of the lot when the

fence was moved; that at that time he had sold the lot to his son, Alfred Davis, but had not put him in possession, nor did he make to him a deed until a long time afterwards; that he put his son in possession of the lot in October, 1888, and his son has remained in possession ever since, residing on it with his family. The defendant also testified that he agreed to maintain his son in the possession of the ground, because he had given him a clear warranty deed, but it appeared by the evidence of the son that he did not receive the deed until October, 1889, and long after this suit was instituted. This suit was instituted May 6, 1889.

It is evident from the foregoing statement of the evidence that the defendant's complaint, that there was no evidence that at the date of the institution of the suit the defendant was in possession of the ground, is not tenable. There is direct evidence tending to show that fact in the plaintiff's evidence, and there is inferential evidence tending to show that fact in the defendant's evidence. The defendant admits that he moved the fence and entered upon the plaintiff's possession, and there is a presumption of a continuance of existing facts.

The court upon plaintiff's request gave the following instructions, which are complained of: "If the court finds from the evidence that, prior to the forcible entry of the defendant upon the possession of the plaintiff, the defendant's son, A. H. Davis, was living on a lot adjacent to the strip entered upon by the defendant, and that, while said A. H. Davis was living on said lot, defendant forcibly entered upon plaintiff's possession and took therefrom a strip of ground, and that immediately thereafter the said A. H. Davis took possession of the strip so unlawfully entered by defendant (having full knowledge at the time of such unlawful entry), then the defendant and said A. H. Davis were both guilty of forcible entry and detainer of the strip so taken; and, if the court finds from the

Tuttle v. Davis.

evidence that the defendant agreed with said A. H. Davis, at the time the latter took possession of said strip, that he would support and assist him in the possession thereof, and that defendant did support and assist him in possession thereof, then the finding should be for the plaintiff."

"The evidence in this case shows that the defendant, before the institution of this action, forcibly entered upon the premises in the possession of the plaintiff, and that the premises so unlawfully entered upon are covered by the description in plaintiff's statement."

"That, if the defendant, after he had forcibly entered upon a strip of ground in the possession of the plaintiff, placed his son on said strip, said son having at the time full knowledge of said unlawful entry, and the defendant, at the time he placed his son in possession of said strip, promised and agreed to support him in such possession, and did thereafter support him in continuing therein, he, the defendant, cannot interpose the said unlawful possession of his said son, which he had created and sustained, as a defense to plaintiff's recovery."

At the instance of the defendant the court gave the following instruction : "That, if the court should find that the defendant, D. E. Davis, entered the premises as described in plaintiff's complaint and removed the fence thereon, but without detaining the possession thereof, the finding should be for the defendant."

The court refused the following instruction asked by the defendant : "The court declares the law to be that, in order that the plaintiff may be enabled to make out a case against the defendant, he must prove that the defendant, D. E. Davis, was in actual possession of the premises in controversy on the date of the commencement of this suit."

While it is the settled law that the plaintiff in an action of forcible entry and detainer must show that

the defendant was in possession of the property at the date of the institution of the suit ( *Link v. Harrington*, 23 Mo. App. 429; *Armstrong v. Hendrick*, 67 Mo. 542 ); it is equally well settled that such showing may be made by proof that the defendant took forcible possession and placed another in possession whom he maintains therein. A person who participates in the forcible entry upon land in the peaceable possession of another is guilty at the same moment of a detainer, and, if he continues to support and assist the party entering in remaining upon the lot, he continues the detainer, and may be properly joined as a defendant in the action for the forcible entry and detainer. *Blumenthal v. Waugh*, 33 Mo. 181. Were the law otherwise anyone might commit a forcible entry, and, by placing immediately thereafter an irresponsible person into possession of the premises, and maintaining him there for his own benefit, put the plaintiff to the costs of the prosecution in regaining possession.

There was sufficient evidence to support the plaintiff's instructions under the law as above stated. The defendant's refused instruction was properly refused, as the word *actual* possession was designed to mislead. The defendant did get the benefit of his evidence by the instruction given on his behalf, that he was not responsible in this action unless he *detained* the possession of the premises from plaintiff.

All the judges concurring, the judgment is affirmed. So ordered.