Loan v. Smith.

EMELINE E. LOAN, Appellant v. SAMUEL H. SMITH et al., Respondents.

Kansas City Court of Appeals, November 7, 1898.

Unlawful Detainer: POSSESSION OF DEFENDANT. In order to maintain an action of unlawful detainer the party defendant must be unlawfully detaining the premises at the time the action is brought; he must be in possession. Tuttle v. Davis, 48 Mo. App. 9, distinguished.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

JAS. F. PITT for appellant.

It is as much the duty of a tenant to deliver possession at the end of his term as it is to perform any other covenant, and failing to do so he is primarily liable. Bless v. Jenkins, 129 Mo. 661. The fact that defendant Smith was not personally on the premises at the institution of the suit is immaterial. Even a trespasser, placing other parties in possession, is properly a defendant. Tuttle v. Davis, 48 Mo. App. 14.

PHILLIP, SMITH & STREET for respondent.

Unlawful detainer can not be maintained against a defendant not in possession of the premises at the time the suit was instituted. Link v. Harrington, 23 Mo. App. 429; Armstrong v. Hendrick, 67 Mo. 542; Orrick v. Public Schools, 32 Mo. 315.

ELLISON, J.—This is an action for unlawful detainer. While there were three defendants joined in the action.

the controversy here relates to the liability of defendant Smith alone. The judgment in the trial court was for him and plaintiff appeals.

It appears that Smith was trustee in a deed of trust dated December 30, 1897, conveying a stock of goods for the benefit of certain creditors of the grantor, who was in possession of the building sued for, and in which the goods were, as the tenant of this plaintiff. Smith took possession of the goods and building on the day the deed of trust was executed and kept possession until January 11 (though he paid rent for a full month) when according to plaintiff's statement he sold the goods and turned the possession over to the purchaser. This suit was instituted on February 4, it being conceded that Smith was not in possession at that time, and that he had not been since his sale of the goods. The chief object in joining Smith as a party defendant seems to have been that he was solvent and the others not and that therefore the rent and damages accruing to plaintiff could be realized. But in our opinion the action was misconceived. If Smith is liable to plaintiff for rent, the suit should be an action for rent. In order to maintain an action of unlawful detainer the party defendant must be unlawfully detaining the premises at the time the action is brought. Link v. Harrington, 23 Mo. App. 429; Orrick v. Public Schools, 32 Mo. 315. He must be in possession of the premises at that time. This case does not present the question of one maintaining another in possession, as was involved in the case of forcible entry and detainer in the St. Louis court of appeals. Tuttle v. Davis, 48 Mo. App. 9. In our opinion the trial court could have rendered no other judgment than the one complained of by plaintiff and it will therefore be affirmed. All concur.