## ST. LOUIS BREWING ASSOCIATION, Respondent, v. NIEDERLUECKE and DUNKHORST, Appellants.

### St. Louis Court of Appeals, November 3, 1903.

1. **Landlord and Tenant: WHAT CONSTITUTES A WRITTEN LEASE.** A written instrument stating, "I hereby agree to give a lease to," etc., will not be construed to be a lease, where the circumstances show that both parties intended to follow it up with a formal lease before lessee took premises.

2. ———: **UNLAWFUL DETAINER.** If a tenant unlawfully puts a stranger in possession of his landlord's premises, and there is no concerted action between the tenant and the occupant to wrongfully detain the property, such tenant is not liable for unlawful detainer.

Appeal from St. Louis City Circuit Court.—*Hon. D. C. Taylor,* Judge.

REVERSED IN PART AND AFFIRMED IN PART.

*Walther & Muench* for appellant.

(1)    A tenant may attorn to a subsequent assignee of his landlord either by payment of rent or surrender of possession to him.    Pentz v. Kuester, 41 Mo. 447; Holden v. Mann, 43 Mo. App. 640; Gunn v. Sinclair, 52 Mo. 327; May v. Luckett, 54 Mo. 437.    (2)    Unlawful detainer will not lie against one who was not in possession at the time suit was instituted.    Loan v. Smith, 76 Mo. App. 510; Armstrong v. Hendrick, 67 Mo. 542. (3)    The writing "Exhibit A," under which Dunkhorst claims, is a lease and not a mere agreement for a lease.    Western Boot & Shoe Co. v. Gannon, 50 Mo. App. 642; Doe v. Benjamin, 9 Ad. & El. 644; Warman v. Faithful, 3 N. M. 137; Hallet v. Wylie, 3 Johns. 44; Thornton v. Payne, 5 Johns. 72; Kabley v. Worcester G. L. Co., 102 Mass. 392; Shaw v. Farnsworth, 108 Mass. 357; Maldon's Case, Croke's Eliz. 33; Munson v. Wray, 7 Blachf. 403; Poole v. Bentley, 12 East 167; Hurlbut v. Post, 1 Bosw. 28; Steinfield v. Wilcox, 26 Misc. (N. Y.) 412; Johnson v. Phoenix M. L. I. Co., 46 Conn. 102; Duxbury v. Sandiford, 80 Law Times (N. S.), 552.

*Marion C. Early* for respondent.

(1)    Where a person places and maintains another person in possession of real estate he is properly joined as a defendant, and a judgment rendered against both, if they were acting in a common design, is proper. Tuttle v. Davis, 48 Mo. App. 9; Kingman v. Abbington, 56 Mo. 46.    The relation of landlord and tenant still exists as between the owner and Niederluecke, and the latter will not be heard to say that he has terminated his tenancy by surrendering to a stranger.    Neither is an unlawful possession available as a defense as against one rightfully claiming possession.    May v. Luckett, 54 Mo. 437; Orr v. McCurdy, 34 Mo. App.

425; Wood on Landlord and Tenant, 308. (3) Considered from a liberal point of view, ''Exhibit A'' can not be construed as anything more than a mere agreement for a lease to be executed at a future time. The essentials of an executed, valid lease do not appear upon the face of the instrument, and the surrounding circumstances and subsequent acts of the parties rebut any presumption tending to show that the instrument in question was to be regarded as a lease. Taylor, Landlord and Tenant (8 Ed.), secs. 38, 39; McGrath v. Boston, 103 Mass. 369; McAdam, Landlord and Tenant, pp. 165-8; Boot and Shoe Co. v. Gannon, 50 Mo. App. 642.

GOODE, J.—Unlawful detainer for a store building and an appurtenant warehouse. Plaintiff claims under a lease executed to it by Kuhlman, the owner of the premises, for a five-year term running from October 1, 1902, and defendant Dunkhorst under an instrument asserted to be a lease, executed by Kuhlman prior to the lease to plaintiff. Said instrument reads:

''St. Louis, Mo., May 7, 1901.

''I hereby agree to give a lease to Henry L. Dunkhorst for a term of five years on the grocery store and saloon; also warehouse next to it, the cellar underneath, stable and shed for horse and wagon; also use of yard and closet; all of which is situated on the southwest corner of 23rd and Bremen avenue, known as 2300 and 2302 Bremen avenue; said lease to commence the 2d day of October, 1902, at the monthly rental of fifty dollars, payable in advance.

''HENRY W. KUHLMAN,
''HENRY L. DUNKHORST.''

Defendant Niederluecke occupied the premises in controversy with a grocery store and saloon for seven years prior to October 1, 1902, as Kuhlman's tenant under a written lease which provided the term should

expire and the premises be surrendered on that day. Instead of surrendering them, Niederleucke consummated a sale of his goods and business to Dunkhorst and put the latter in possession during the night of September 30th. Dunkhorst and Niederluecke swore that the former had contracted to buy the latter out a year and a half before, in May, 1901, when Dunkhorst procured from Kuhlman the instrument copied above, and had then paid fifty dollars to be forfeited if he (Dunkhorst) failed to fulfill his agreement to buy. On October 1, 1902, Kuhlman found Dunkhorst in possession and demanded the premises for the plaintiff, as he had given it a lease running from said date. That demand was refused; whereupon plaintiff served a written notice on both Niederluecke and Dunkhorst, and that having been ignored, too, this action was instituted October 7th.

1.   As defendant Dunkhorst relies for right of possession on the writing given to him by Kuhlman May 7, 1901, it is necessary to determine what that writing was in legal effect.   In English cases the words ''agree to let'' and like expressions, have been held to create a lease instead of an agreement to lease, even when the writing counted on contemplated the subsequent execution of a formal lease; a construction that has been lamented by judges as productive of confusion, which it certainly is.   Doe dem. Philip v. Benjamin, 9 A. & E. 644; Chapman v. Bluck, 4 Bing. (N. C.) 187.   The rule that the intention of the parties governs in interpreting such agreements as well as in other instances of interpretation, is allowed; with its corollary that if the language to be expounded is ambiguous, the meaning may be elucidated by referring to the facts, and particularly the conduct of the parties.   Cases supra; Western, etc., Shoe Co. v. Gannon, 50 Mo. App. 642; 1 McAdam, Landlord and Tenant (3 Ed.), sec. 58.   Whether words of present demise are used or not, the question of the effect of the agreement itself, as amounting to a lease or not,

is answered by gleaning the intention of the parties from the instrument and the surrounding facts; and if the intention, as thus ascertained, was that the tenant should have an immediate. interest, the contract takes effect as a lease; otherwise, as an agreement for one. McAdam, sec. 59. The author cited says, and supports his statement by cases of authority, that the law will rather do violence to the words of the parties than break through their intent by construing an agreement to be a present lease when manifestly they intended the contrary. In the memorandum before us the meaning of the words "I hereby agree to give a lease to Henry L. Dunkhorst," only becomes doubtful when we look at those words in the light of certain precedents. Their natural import is a stipulation to execute a lease in the future; so the most that can be conceded of the defendant's position is, that possibly the situation of the parties when the memorandum was executed, or their conduct afterwards, may enforce the ruling that the parties intended it to be a lease. But the facts *aliunde* demonstrate the opposite conclusion; that the parties meant it to be an agreement to give a lease. Generally, if not always, courts have been led to construe such writings as we have here to be leases by the desire to protect tenants in possession from unjust evictions. Dunkhorst was not in possession of the premises when he got the writing in question on May 7, 1901, and had no thought of going into possession until Niederluecke's term should expire a year and a half later. He had Kuhlman sign the writing, but did not sign it himself at the time, and Kuhlman never knew that he (Dunkhorst) had signed it at all. Dunkhorst had a formal lease drawn six months afterwards and presented it to Kuhlman to execute pursuant to the memorandum; but Kuhlman refused to do so, having given a lease to plaintiff just before. Besides Dunkhorst swore the instrument relied on was prepared hurriedly and *was an agreement that he was to get a lease later on*—was intended to in-

sure him that he would have a lease, so he could go ahead with the purchase of Niederluecke's stock. He likewise swore to telling Kuhlman he was on a deal with Niederluecke and merely wanted the paper to satisfy the latter that Kuhlman was willing at the time (May 7, 1901) to accept him (Dunkhorst) as a tenant if he bought the business. Those facts explode the theory that the writing given to Dunkhorst by Kuhlman was a lease.

2.    Judgment went against Niederluecke as well as Dunkhorst, though the former had been away from the premises for a week before the action was begun. Subject to an exception to be noted, the remedy of unlawful detainer lies only against parties in possession. Orrick v. Public Schools, 32 Mo. 315; Armstrong v. Hendrick, 67 Mo. 542; Loan v. Smith, 76 Mo. App. 510; Mintern v. Burr, 16 Cal. 107; Hurst v. Delaney, 84 Va. 701. One who participates in forcibly seizing premises may be held responsible in an action of forcible entry and detainer. Blumenthal v. Waugh, 33 Mo. 181. So may one who, having participated in the seizure, thereafter maintains and assists another in detaining the premises. Tuttle v. Davis, 48 Mo. App. 9. And individuals who are acting in concert pursuant to a general design to withhold premises from the one entitled to possession, may be joined in an action of unlawful detainer. Kingman v. Abington et al., 56 Mo. 46. There are facts in this case which might countenance the opinion that Niederluecke and Dunkhorst were in a conspiracy to detain the disputed premises; but the case was neither tried nor decided on that theory. The court declared the law to be that if a tenant unlawfully puts a stranger in possession of his landlord's property and the stranger unlawfully holds the same against the landlord, the tenant may be joined in an action like this and held for damages and rent as well as the actual occupant. This is stating the law too broadly, in our opinion. Loan v. Smith, supra. The tenant must do more

than unlawfully put a third party in possession. There must, at least, be concerted action by the tenant and the occupant to wrongly detain the property from the landlord, so that the former is, in effect, guilty of an unlawful detainer when the suit is instituted. Kingman v. Abington et al., supra.

The judgment of the circuit court against Niederluecke is reversed, but is affirmed against Dunkhorst. *Bland, P. J.,* and *Reyburn, J.,* concur.