J. L. SLOVER, Respondent, v. HENRY KRAMER, Appellant.

Springfield Court of Appeals, June 18, 1921.

FORCIBLE ENTRY AND DETAINER: Owner Guilty of Forcible Entry, Who Parts with Possession by Placing Purchaser in Possession under Deed, not Liable. If the owned of land is guilty of forcible entry, and remains in possession by himself or agent until suit is brought, he is the proper party defendant, and judgment should go against him, as well as his agent, who is in the actual possession; but, though he is guilty of forcible entry, if he parts with possession before suit is brought, either by leasing and placing the tenant in possession, or by conveying by deed and placing the purchaser in possession, he is not liable in forcible entry and detainer, which is a possessory action alone.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

REVERSED.

*McKay & Meddling* for appellant.

(1) "The action of forcible entry and detainer must be brought against the party in the actual possession of the premises at the time the suit is instituted." Orrick v. Public Schools, 32 Mo. 315. "The plaintiff in an action of forcible entry and detainter must show that the defendant was in the possession of the property at the date of the institution of the suit." Link v. Harring-

ton, 23 Mo. App. 429. See also: Loan v. Smith, 76 Mo. App. 510; Jennings v. Robinson, 82 Mo. App. 544; Crow v. Williams, 104 Mo. App. 541; Tuttle v. Davis, 48 Mo. App. 9.

No brief for respondent.

COX, P. J.—Action of forcible entry and unlawful detainer by respondent v. appellant and J. T. Watson. Judgment for plaintiff against H. Kramer and he has appealed.

Appellant Kramer was the owner of the premises in controversy and respondent was his tenant for the year 1919 and claimed he had it rented again for 1920 but this claim was denied by appellant. In October, 1919, Kramer sold the premises to J. T. Watson with an agreement to deliver possession when Watson desired it. In February, 1920, Watson requested that possession be delivered to him. At this time, respondent had moved his family to a town nearby but left most of his household goods and some cotton in the house and fastened the door with a chain and padlock. Kramer went to see Slover about his permitting Watson to move in and he contends that Slover gave permission but Slover denies that claim. On February 26 1920, Kramer sent a man to the house with directions to move the goods of Slover upstairs and take the cotton away. This was done and in order to gain entrance into the house, the lock on the door was broken. Kramer did not remain or keep any one in the house. His purpose in forcing the house open was to leave it in such condition that Watson, the purchaser, could move in. Watson did move in in a short time thereafter. Kramer did not retain possession at all and when Watson took possession, he did not take it or hold it as agent for Kramer but took it in his own right as the owner of the land.

If the owner of land is guilty of forcible entry and remains in possession by himself or agent until suit is brought, he is a proper party defendant and judgment should go against him as well as his agent who is in the

actual possession; but although he is guilty of forcible entry, yet if he parts with possession before suit is brought, either by leasing and placing the tenant in possession under the lease or by conveying by deed and placing the purchaser in possession under the deed, he is not liable in this form of action. The reason being that this is a possessory action alone and only those in possession in person or by agent at the time of filing the suit are proper parties defendant. According to plaintiff's evidence in this case, Kramer was guilty of forcible entry and his purpose was to get possession so he could deliver it to Watson, the purchaser, and he did deliver the possession to Watson after having obtained it by force, yet when he placed Watson in possession not as his agent but as his purchaser, Kramer no longer held possession. The possession of Watson was not the possession of Kramer. Watson was holding possession for himself and in his own right and for his own purposes and not as the agent of Kramer. Under that state of facts, Kramer was not liable in this form of action. [Orrick v. St. Louis Public Schools, 32 Mo. 315; DeGraw v. Prior, 53 Mo. 313; Armstrong v. Hendrick, 67 Mo. 542; Loan v. Smith, 76 Mo. App. 510; Jennings v. Robinson, 82 Mo. App. 544; St. Louis Brewing Assn. v. Niederluicke, 102 Mo. App. 303, 76 S. W. 645.]

Judgment reversed. *Farrington* and *Bradley, JJ.,* concur.